# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**FLORA MONTGOMERY**                                              **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO.**    1:22cv37 TBM-RHWR

**ALLSTATE PROPERTY AND CASUALTY**
**INSURANCE COMPANY AND**
**JOHN DOES 1-5**                                               **DEFENDANTS**

## NOTICE OF REMOVAL

COMES NOW the Defendant, Allstate Property and Casualty Insurance Company ("Allstate"), by and through counsel, and, files this its Notice of Removal of this action to the United States District Court for the Southern District of Mississippi, Southern Division, and in support thereof, would show unto this Court the following, to-wit:

1. On or about January 6, 2022, the Plaintiff, Flora Montgomery, filed a Complaint against Allstate and Defendants John Does 1-5 in the County Court of Jackson County, Mississippi, which is a civil action to recover damages for an alleged breach of contract, bad faith denial, and claims for punitive and emotional distress damages. A copy of the Complaint is attached to the Notice of Removal as Exhibit "A" and incorporated herein by reference thereto.

2. At the time of filing her Complaint, the Plaintiff stated she was an adult resident citizen of Jackson County, Mississippi. Other than Plaintiff, none of the properly named and joined parties are citizens of Mississippi. Allstate is an insurance company which is incorporated in the state of Illinois and which has its principal place of business in the state of Illinois. John Does 1-5 are unknown Defendants sued under a fictious name and should be disregarded for purposes of

citizenship determination pursuant to 28 U.S.C. § 1441(b)(1). Allstate has timely filed its Notice of Removal of this civil action to this Honorable Court. The time within which the Defendant is required to file its Notice of Removal of this civil action to this Honorable Court has not yet expired pursuant to 28 U.S.C. § 1446. The Complaint demands judgment against the Defendant for an unspecified sum.

3. Pursuant to 28 U.S.C. § 1332, the above-entitled action is a civil action for damages over which this Court has original jurisdiction by reason of the complete diversity of citizenship between the properly joined parties and the matter in controversy being in excess of the sum or value of $75,000.00, exclusive of interest and costs, as evidenced from the allegations contained in the Complaint. The Plaintiff's Complaint seeks damages under a homeowner's insurance policy issued by Allstate. Plaintiff's Complaint demands a minimum of $250,000.00 in emotional damages. Additionally, Plaintiff's Complaint also makes a demand for punitive damages in an unspecified amount. "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Anderson v. Wells Fargo Bank, NA*, 2015 WL 4775356, at 2 (S.D. Miss. 2015) (quoting *Sun Life Assur. Co. v. Fairly*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007). Plaintiff has also demanded unspecified amounts of compensatory, incidental, special, and consequential damages, in addition to attorney's fees and prejudgment interest. Thus, the amount in controversy exceeds the jurisdictional minimum of $75,000.

4. Allstate does not waive any defenses to which it is entitled. All exhibits attached to the Notice of Removal are fully incorporated herein as if attached to this Notice of Removal.

5.  Allstate, promptly after filing this notice, will give notice thereof to the County Court of Jackson County, Mississippi, and is further filing a copy of this notice with said court's clerk.

8.  Allstate reserves the right to supplement this notice of removal by adding any jurisdictional grounds or defenses which may independently support a basis for removal. A copy of the state court record is attached as Exhibit "B" and incorporated fully herein.

**WHEREFORE**, Defendant, Allstate Property and Casualty and Insurance Company, requests that this Court assume full jurisdiction over this cause herein as provided by law.

    Respectfully submitted,

    **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,** *Defendant*

    BY: */s/ Robert R. Stephenson*
        ROBERT R. STEPHENSON (MSB #10772)
        MATTHEW R. ANTHONY (MSB #105520)

**WILKINS PATTERSON SMITH PUMPHREY & STEPHENSON, P.A.**
One LeFleur's Square, Suite 108
4735 Old Canton Road [39211]
Post Office Box 13429
Jackson, Mississippi 39236-3429
601-366-4343 | phone
601-981-7608 | fax
bstephenson@wilkinspatterson.com
manthony@wilkinspatterson.com

## CERTIFICATE OF SERVICE

I, ROBERT R. STEPHENSON, attorney of record for Defendant, Allstate Property and Casualty Insurance Company, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF Filing System which sent notification of such filing to the following:

>P. Manion Anderson, Esqs
>Kathryn S. Rowe, Esq.
>McHard, McHard, Anderson & Assoc., PLLC
>140 Mayfair Road, Suite 1500
>Hattiesburg, Mississippi  39402

SO CERTIFIED this the 24th day of February, 2022.

        */s/ Robert R. Stephenson*
        **ROBERT R. STEPHENSON**